JOSEPH PENN

v.

JOSEPH TAYLOR.

*Mines—Removal of Supports—Action by Owner of Land for Damages—
Instructions.*

In an action by the owner of certain lands to recover damages caused by the removal of supports in a coal mine, it is *held:* That the record contains evidence which tends to support the plaintiff's declaration and which he is entitled to have passed upon by a jury under proper instructions; and that an instruction given for the defendant, touching the measure of damages and assuming a "general decrease in rents," is fatally defective.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Messrs. DILL & SCHAEFER and WILLIAM WINKELMANN, for appellant.

Messrs. WILDERMANN & HAMILL and J. B. HAY, for appellee.

WILKIN, J.   This suit was commenced by appellant against appellee and the Gartside Coal, Company to recover damages for injuries to his land and certain buildings thereon by reason of the removal of stone coal underneath it without leaving sufficient supports for the surface.   In March, 1859, one McFarlan, then owning the land, sold the coal under it to Joseph Gartside, who in 1873 sold it to the Gartside Coal Company, and in 1883 this company sold "all the coal contained in the pillars" to appellee.   In 1878, the land was sold at master's sale and purchased by appellant.   This action is for damages alleged to have been caused by appellee since he purchased the coal in the pillars by so weakening and removing the supports to the surface as to cause the same to break, sink, etc.   The

Penn v. Taylor.

verdict and judgment below being for appellee, the case is brought here by appellant. On the trial appellee testified, "I offered to buy this land of Mr. Penn, offered him the same price he paid for it and even asked him what he would want for it." There was also some evidence to the effect that the land had rented for as much since the alleged injury as before. At the instance of appellee the court instructed the jury that "If it appears from the evidence that the plaintiff since the injury complained of in the plaintiff's declaration has rented his land and house for as much as he rented them before, considering the general decrease in rents, and that the plaintiff has been offered as much, and can or could sell it for as much, as he paid for it, since the supposed injuries occurred, then the plaintiff has not sustained any substantial damages."

This instruction is so flagrantly erroneous that asking and giving it must have been the result of inadvertence. The first clause is erroneous and misleading in assuming that there had been a *general decrease in rents;* but the latter clause is still more objectionable and announces an unheard-of rule of law in actions of this kind. According to the rule here announced, if one should have entered lands at government prices, valuable for the minerals under it or timber on it, and a trespasser should remove all the mineral or timber and then offer to pay the owner the price for which he entered it, no substantial damages could be recovered. The proposition is absolutely defenseless and the learned counsel for appellee only attempt to do so indirectly. They say, "if the rental value of the land had not decreased and its selling value had not decreased and its uses for farming purposes had not been substantially injured, how was it damaged?" The instruction, it will be observed, ignores entirely the question as to whether the "selling value" of the land has been decreased by the injury and takes away the right to substantial damages, if the selling price was as good as that paid for it by appellant. We are not dealing with the question of the competency of evidence or what certain evidence tends to prove and need not therefore notice the authorities cited by appellee which bear on these questions, but in no manner sustain the legal proposition

announced in the objectionable instruction. It is not claimed that the error in this instruction is cured by others given either on behalf of appellant or appellee. It is insisted, however, that, notwithstanding the error it may contain, there should be no reversal, because it appears from the whole record that the right is with the appellee. We recognize the rules contended for by appellee that a new trial should not be granted where substantial justice has been done, notwithstanding irregularities and errors committed on the trial, but we do not regard this case as falling within that rule. We do not assume to pronounce upon the merits of the case under the evidence, but hold that there is proof in the record tending to support plaintiff's declaration, and which he has a right to have passed upon by a jury under fair instructions. By the instruction referred to the merits of the case were as effectually taken from the jury as if it had been instructed to find for the defendant. As the case must be reversed, any expression of opinion as to the weight of testimony would be improper and a review of it is therefore unnecessary.

*Reversed and remanded.*